Torres Peralta v. Sessions

BIA
A096 579 450

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand seventeen.

PRESENT:
   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
   RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

RAFAEL ANTONIO TORRES PERALTA,
   *Petitioner,*

   v.           15-706
                 NAC

JEFF SESSIONS, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*[*]

_____

FOR PETITIONER:   Lawrence Spivak, Jamaica, NY.

FOR RESPONDENT:   Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Samuel P. Go, Senior Litigation Counsel, Office of Immigration Litigation,

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rafael Antonio Torres Peralta, a native and citizen of the Dominican Republic, seeks review of a February 4, 2015, decision of the BIA denying his motion to reconsider. *In re Rafael Antonio Torres Peralta,* No. A096 579 450 (B.I.A. Feb. 4, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, because Torres Peralta has timely petitioned for review of the denial of a motion to reconsider, but not from the underlying decision for which reconsideration was sought, we review only the denial of his motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We have reviewed the denial of his motion to reconsider for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). "A motion to reconsider must specify errors of fact or law in the challenged BIA decision and must be supported by pertinent authority." *Id.; see* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).

2

Torres Peralta sought reconsideration of the BIA's decision that found him removable for attempting to gain immigration benefits by entering into a fraudulent marriage and that denied cancellation of removal based on his failure to establish the requisite good moral character. The BIA did not abuse its discretion in concluding that Torres Peralta failed to identify any error of law or fact in its prior decision.

Contrary to Torres Peralta's contention, the agency did not ignore material evidence or deprive him an opportunity to explain inconsistencies in the record regarding the bona fides of his marriage. And thus he did not demonstrate an error of law to this extent.

Moreover, as the BIA noted, Torres Peralta was not prima facie eligible to adjust status based on a visa petition filed on his behalf by his U.S. citizen son because the agency was barred by statute from granting that petition. *See* 8 U.S.C. §§ 1154(c) (barring approval of visa petitions on behalf of aliens who the agency has found previously engaged in marriage fraud for immigration benefits), 1255(a) (requiring an immediately available immigrant visa for adjustment of status). And, finally, because Torres Peralta admitted that he made a false statement to immigration officials regarding whether he was living with his wife, he did not demonstrate an error of

3

law or fact in the agency's determination that he did not demonstrate the requisite good moral character for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B); *see also Jian Hui Shao*, 546 F.3d at 173.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk